IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMONA VELAZQUEZ | : | CIVIL ACTION |
| v. | : | NO. 07-5343 |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security | : | |

**MEMORANDUM**

LOWELL A. REED, Jr., Sr. J                                               October 15, 2008

Upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 8), defendant's response and the reply thereto (Doc. Nos. 12 & 13), the court makes the following findings and conclusions:

      1.     On June 3, 1993 Ramona Velazquez ("Velazquez") filed for disability insurance benefits ("DIB") and supplemental security income ("SSI") under Titles II and XVI respectively of the Social Security Act, 42 U.S.C. §§ 401-433; 1381-1383f, ultimately alleging an onset date of July 4, 1995. (Tr. 42; 130-33). Velazquez's claims were denied during the initial reviews and after a March 25, 1996 administrative hearing before an ALJ. (Tr. 32-37; 92-129; 134-36; 139-41). After the Appeals Council vacated the ALJ's initial decision and remanded the case, the ALJ held a second hearing on November 25, 1997. (Tr. 39-91; 259-61). Again the ALJ denied benefits in a decision dated August 31, 1998 but this time the Appeals Council denied review. (Tr. 4-5; 10-22). After Velazquez filed a complaint in this court, defendant filed a motion for voluntary remand which was granted on March 9, 2001. (Tr. 331-32). On remand, the August 31, 1998 decision was vacated and the ALJ held a third hearing on October 22, 2001 along with a supplemental hearing on December 14, 2001 in order to obtain testimony from a medical expert ("ME"). (Tr. 621-54; 655-96). The ALJ then denied benefits in a decision dated February 16, 2002.[1] See (Tr. 284 ¶ 2).[2] After Velazquez filed a separate application for SSI and was found disabled since March 1, 2002 based upon that application, the Appeals Council vacated the ALJ's February 16, 2002 decision and remanded the case for the ALJ to address various issues for the time period of July 4, 1995 to February, 28, 2002. (Tr. 364-67). The ALJ conducted a fifth hearing on August 18, 2005 and subsequently denied benefits for the relevant period in a decision dated December 1, 2005. (Tr. 284-95; 697-745). After the Appeals Council denied review, pursuant to 42 U.S.C. § 405(g), Velazquez filed her complaint in this court on January 2, 2008. (Tr. 274-77; Doc. No. 3).

---

[1] This decision is missing from the record.

[2] All numbered paragraph references to the ALJ's decision begin with the first full paragraph on each page.

2. In her December 1, 2005 decision, the ALJ concluded, *inter alia*, that from July 4, 1995 to February, 28, 2002: (1) Velazquez had severe impairments consisting of C5-6 radiculopathy, degenerative disc disease of the cervical spine and left carpal tunnel syndrome; (2) she had non-severe impairments of asthma and depression/anxiety; (3) her impairments did not meet or equal a listing; (4) she had the residual functional capacity ("RFC") for light work performed in a clean environment and which did not require frequent repetitive left upper extremity motion, lifting more than 20 pounds with the right upper extremity, or lifting more than 10 pounds with the left upper extremity; (5); she could perform her past work as an activities director and could also perform other jobs existing in significant numbers in the national economy and (6) she was not disabled. (Tr. 285 ¶ 4; 287 Finding 3; 287 ¶ 3; 298 ¶ 4; 298 Finding 4; 290 Finding 5; 294 Findings 6 & 10; 295 ¶ 1; 295 Finding 11).

3. The Court has plenary review of legal issues, but reviews the ALJ's factual findings to determine whether they are supported by substantial evidence. Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d. Cir. 1999) (citing 42 U.S.C. § 405(g)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); see also Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). It is more than a mere scintilla but may be less than a preponderance. See Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988).

4. Velazquez raises several arguments in which she alleges that the determinations by the ALJ were legally insufficient or not supported by substantial evidence. As detailed below, the ALJ's determination that Velazquez's mental impairment from July 4, 1995 to February 28, 2002 was not severe was not supported by substantial evidence. Therefore, this case must be remanded for further consideration.

A. Velazquez contends that the ALJ erred by failing to find her asthma and depression severe during the relevant time period. I disagree with Velazquez regarding her asthma and find that the ALJ sufficiently addressed any associated limitations by limiting her to light work performed in a clean environment. See (Tr. 272; 287 ¶ 3; 290 Finding 5). However, I find that the ALJ did not properly support her decision with substantial evidence that Velazquez's depression was not severe. Moreover, unlike the asthma, the ALJ did not include any limitations in the RFC which would account for Velazquez' depression. In order to meet the step two severity test, an impairment need only cause a slight abnormality that has no more than a minimal effect on the ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921; S.S.R. 96-3p, 85-28. The Third Circuit Court of Appeals has held that the step two severity inquiry is a "*de minimus* screening device to dispose of groundless claims." McCrea v. Comm. of Soc. Sec., 370 F.3d 357, 360 (3d Cir. 2004); Newell v. Comm. of Soc. Sec., 347 F.3d 541, 546 (3d Cir. 2003). "Any doubt as to whether this showing has been made is to be resolved in favor of the applicant." Id. The medical records from 2000 and 2001 show serious symptoms and limitations arising from Velazquez's mental impairment including GAF scores between 45 and 58. See (Tr. 434-37;459; 460-62; 535-37; 539; 541-42; 563-64; 566; 581-84). I recognize

2

that a state medical consultant concluded on April 13, 2000 that Velazquez's depression was not severe and I agree with the ALJ that the extremely severe limitations listed on Dr. Schwarz's March 27, 2000 check-box form do not appear to reflect her true limitations. (Tr. 288 ¶ 5; 289 ¶ 2; 438-39; 440-48). Nonetheless, although the ALJ listed most of the evidence, she did not mention the GAF scores or sufficiently explain why the state medical consultant's conclusion of non-severity was most consistent with the evidence, especially in light of the many serious findings from Velazquez's treating and examining mental health professionals. While the evidence may not establish disabling depression, the evidence also does not appear to establish that Velazquez's depression was groundless. As a result, on remand, the ALJ shall re-assess her determination regarding Velazquez's depression and support her decision with substantial evidence. Likewise, the ALJ shall conform her RFC assessment and any hypothetical questions to reflect her properly supported conclusions.

    B. Velazquez also contends that the ALJ failed to properly credit the opinions of her treating and examining physicians including Drs. Felice, Rybicki, Yachmenyova, and Bien-Aime regarding her physical impairments and limitations. I have carefully reviewed all the evidence and arguments, and I find that the ALJ's determinations regarding Velazquez's physical impairments were well documented in her decision and supported by substantial evidence. (Tr. 290 ¶ 4 - 293 ¶ 6). Therefore, this argument must fail.

    5. I conclude that because the ALJ's determination that Velazquez's mental impairment was not severe between July 4, 1995 and February 28, 2002 is not supported by substantial evidence, the case must be remanded in order for the ALJ to re-assess the severity of Velazquez's depression and the limitations caused thereby. The ALJ is further directed to fully discuss the relevant evidence which supports and contradicts her ultimate conclusion on this issue.

    An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RAMONA VELAZQUEZ | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 07-5343 |
| | : | |
| MICHAEL J. ASTRUE, | : | |
| Commissioner of Social Security | : | |

## ORDER

AND NOW, this 15th day of October, 2008, upon consideration of the brief in support of request for review filed by plaintiff (Doc. No. 8), defendant's response and the reply thereto (Doc. Nos. 12 & 13) and having found after careful and independent consideration of the record that the Commissioner's determination was not supported by substantial evidence, it is concluded that the action must be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g). Therefore, for the reasons set forth in the memorandum above, it is hereby

**ORDERED** that:

1. **JUDGMENT IS ENTERED IN FAVOR OF THE PLAINTIFF, REVERSING THE DECISION OF THE COMMISSIONER OF SOCIAL SECURITY** for the purposes of this remand only and the relief sought by Plaintiff is **GRANTED** to the extent that the matter is **REMANDED** for further proceedings consistent with this adjudication; and

2. The Clerk of Court is hereby directed to mark this case closed.

_____
LOWELL A. REED, JR., Sr. J.